UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CR-20390-BLOOM
(22-CV-21429-BLOOM)

**UNITED STATES OF AMERICA,**

v.

**GERTI MUHO,**

   Defendant.
_____/

## UNITED STATES' UNOPPOSED MOTION TO UNSEAL

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully requests the Court unseal its previously sealed filings, docketed in this matter on September 28, 2018, as the corresponding docket entry numbers 373, 374, and 375.[1] These docket entries contain transcripts of three separate and distinct motion to withdraw hearings filed by Gerti Muho's ("Muho") prior trial counsels. (CR-DE 37, 51).  The Undersigned believes these docket entries contain transcripts of the three motion to withdraw hearings because (1) the respective hearing transcripts are referenced throughout Muho's motion to vacate and are stated to be in the Court's file, (CV-DE 1:7); and (2) Muho's prior appellate counsel requested and referenced the sealed transcripts in a Motion for Leave to Access the Sealed Transcripts, (CR-DE 362).

The Undersigned represents the United States in Muho's related civil action—listed

---

[1] Citations to docket items in the record of Gerti Muho's criminal case, 16-CR-20390-BLOOM, in the U.S. District Court for the Southern District of Florida, are to "CR-DE" and citations to docket items in the record in Gerti Muho's 28 U.S.C. § 2255 case, 22-CV-21429-BLOOM, are to "CV-DE." Each of the entries will be followed by the appropriate docket entry number and the corresponding page number assigned by the electronic docketing system.

above—where he is contesting his conviction and seeking to vacate his sentence pursuant to habeas corpus principles. (CV-DE 1, 9).  In his motion to vacate, Muho claims that his prior trial attorneys rendered ineffective assistance of counsel. (CV-DE 1).  Because of this, the transcripts of the motions to withdraw hearings are required to adequately respond to Muho's recently filed motion to vacate pursuant to 28 U.S.C. § 2255. (Id.).  Regarding any attorney-client privileged matter that was discussed at the respective hearings, Muho has waived his attorney-client privilege because he now claims ineffective assistance of counsel. Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("As we have explained, a party 'waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'") (quoting GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2 755, 762 (11th Cir. 1987)).

Lastly, pursuant to S.D. Fla. Local Rule 88.9(a), the United States has made a reasonable effort, by e-mailing opposing counsel, to confer with Muho regarding his stance on this Motion. On June 2, 2022, opposing counsel confirmed there was no opposition to this Motion.

WHEREFORE, the United States respectfully requests the Court unseal docket entries 373, 374, and 375 in this criminal matter.

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

By:    s/ *Stefan Diaz Espinosa*
        Stefan Diaz Espinosa
        Assistant United States Attorney
        Fla. Bar No. 1010217
        99 N.E. 4th Street, #500
        Miami, FL 33132
        (305) 961-9857
        Stefan.Diaz.Espinosa@usdoj.gov

## Certificate of Service

**I HEREBY CERTIFY** that on June 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.  A copy of this Motion was e-mailed to Muho's counsel in the civil proceeding at: dan@dangoldmanlaw.com.

By:    s/ *Stefan Diaz Espinosa*
          Stefan Diaz Espinosa
          Assistant United States Attorney